FILED
JUL 11 2016
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff,

v.

Civil Action No. 1:15-cv-00306 (AJT/IDD)

JEFFERSON AT LAUREL HIGHLANDS, L.P. *et al.*,

Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff U.S. Bank National Association's ("Plaintiff's") Amended Motions for Default Judgment against Defendants RES Multifamily Investments, L.P. ("Defendant" or "RES") and Jefferson at Laurel Highlands, L.P. ("Defendant" or "Jefferson"), pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. Nos. 29, 30.) After neither Defendants nor a licensed attorney for Defendants appeared at the hearing on April 8, 2016, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Amended Complaint and Plaintiff's Amended Motions for Default Judgment and the exhibits and affidavits thereto, the undersigned Magistrate Judge recommends that Plaintiff's motions be **GRANTED**.

## I. INTRODUCTION

Plaintiff filed a Complaint on March 9, 2015, and an Amended Complaint on January 4, 2016, alleging breach of contract against Defendants. (Dkt. Nos. 1, 28.) Plaintiff has moved for default judgment against Defendants and seeks judgment against Defendants, jointly and severally, in the amount of $23,006,446.77. (Dkt. Nos. 29, 30.) After Defendants failed to

respond to Plaintiff's Complaint and Amended Complaint and failed to appear at any proceedings in the matter, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.

**A. Jurisdiction and Venue**

This Court has personal jurisdiction over Defendants pursuant to the forum selection clauses in Plaintiff's contract with each Defendant. (*See* Declaration of Shawn Beattie ("Beattie Decl.") Ex. C, at 12, Ex. D, at 3–4.) Forum selection clauses are *prima facie* valid. *Insight Holding Grp., LLC v. Sitnasuak Native Corp.*, 685 F. Supp. 2d 582, 587 (E.D. Va. 2010) (citing *Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 397 S.E.2d 804, 807 (Va. 1990) (holding that a forum selection clause should be enforced unless the objecting party establishes otherwise)). A valid forum selection clause "may act as a waiver to objections to personal jurisdiction." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 281 n.11 (4th Cir. 2009) (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16 (1964)). Similarly, forum selection clauses are generally enforced as to selection of venue. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 649 (4th Cir. 2010). Neither Defendant has appeared to contest the validity of the forum selection clauses. Therefore, the forum selection clauses are valid, and this Court has personal jurisdiction over Defendants and is the appropriate venue for this matter.

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000. (Am. Compl. ¶¶ 2–5.) The Amended Complaint alleges damages in the amount of $22,000,000, exclusive of interest and fees, thus meeting the amount in controversy requirement. (*See id.* ¶ 57.) As to citizenship, Plaintiff, a banking association, is a citizen of Ohio, the state in which it is located. *See* 28 U.S.C. § 1348; (Am. Compl. ¶ 2). Both

Defendants are limited partnerships, which are citizens of the states in which all of their partners are citizens. *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990). In this case, none of Defendants' partners is a citizen of Ohio. (Am. Compl. ¶¶ 3–4). Because Plaintiff and Defendants have complete diversity of citizenship and the amount in controversy is met, this Court has subject matter jurisdiction over this case.

**B. Service of Process**

For a court to have personal jurisdiction over a defendant for the purpose of entering default judgment, the plaintiff must properly serve the defendant under federal or state law. *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946) (stating that "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served"); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249–51 (4th Cir. 1974) (reversing the district court's entry of default judgment because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the defendant with summons and complaint). The Federal Rules of Civil Procedure provide the manner in which service must occur.

Federal Rule of Civil Procedure 4(h) governs service upon corporations, partnerships, and other unincorporated associations and allows service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). On March 19, 2015, a private process server served Defendants by serving Amy McLaren, Defendants' process agent. (Dkt. No. 4.) Therefore, Plaintiff properly served Defendants pursuant to Rule 4(h).

### C. Grounds for Entry of Default

On March 9, 2015, Plaintiff filed a Complaint against Defendants seeking to collect unpaid and past due sums from them. (Dkt. No. 1.) A private process server served Defendants on March 19, 2015. (Dkt. No. 4.) On July 10, 2015, after Defendants failed to respond, the Clerk of Court entered default against Defendants. (Dkt. No. 8.) On January 4, 2016, Plaintiff amended its complaint to address jurisdictional issues. (*See* Dkt. No. 28.) Defendants also failed to respond to Plaintiff's Amended Complaint. On February 18, 2016, Plaintiff filed the pending Motions for Default Judgment. (Dkt. Nos. 29, 30.) This Court held a hearing on the Motions on April 8, 2016. (Dkt. No. 33.) After Defendants failed to appear at the April 8, 2016 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

The undersigned Magistrate Judge makes the following findings of fact based on Plaintiff's Amended Complaint, Plaintiff's Motions for Default Judgment, and the memoranda and affidavits in support thereof.

On December 31, 2007, Plaintiff entered into a loan agreement ("Original Agreement") with Defendant Jefferson. (Am. Compl. ¶ 7.) In connection with the Original Agreement, Jefferson executed a promissory note ("Original Note") promising to pay Plaintiff a principal amount of up to $68,400,000, plus interest. (*Id.*; Beattie Decl. Ex. A, at 1.) Also in connection with the Original Agreement, RES executed a guaranty ("Original Guaranty") promising to pay all indebtedness, plus interest, attorney's fees, and collection costs, pursuant to the Original Note. (Am. Compl. ¶ 8; Beattie Decl. Ex. B, at 1.) The Original Note was also secured by a deed of trust encumbering certain property in Fairfax, Virginia. (Am. Compl. ¶ 10.)

On or about March 5, 2010, Jefferson defaulted on the Original Note. (*Id.* ¶ 11.) Plaintiff entered into a Deed in Lieu of Foreclosure Agreement with Defendants whereby Jefferson transferred the encumbered property to Plaintiff in partial satisfaction of the debt. (*Id.* ¶ 13; Beattie Decl. Ex. C.) To satisfy the remainder of the debt, Jefferson executed a second promissory note ("Forbearance Note") promising to pay $17,768,153.10, plus interest equal to Plaintiff's prime rate,[1] no later than March 5, 2014. (Am. Compl. ¶ 15; Beattie Decl. Ex. D, at 1.) Upon default on the Forbearance Note, Jefferson agreed to pay interest at a rate of Plaintiff's prime rate plus 4% per annum; a late charge of 5% if Jefferson failed to make payment within five days of March 5, 2014; and any attorney's fees and costs of collection. (Am. Compl. ¶¶ 21, 23–25, 27; Beattie Decl. Ex. D, at 1–2.) In connection with Jefferson's default, RES executed a guaranty on the Forbearance Note ("Forbearance Guaranty") by which it agreed that the Forbearance Note would become part of its obligation under the Original Guaranty. (Am. Compl. ¶¶ 16–17; Beattie Decl. Ex. E.)

Jefferson failed to satisfy its indebtedness under the Forbearance Note by the maturity date of March 5, 2014. (Am. Compl. ¶ 28.) At the time of default, Jefferson owed Plaintiff a principal amount of $17,768,153.10. (*Id.* ¶ 42.) Despite demands from Plaintiff, neither Defendant has paid any amount due under the Forbearance Note or the Forbearance Guaranty. (*Id.* ¶ 33.)

## III. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause

[1] At all relevant times, Plaintiff's prime interest rate was 3.25% per annum. (*See* Am. Compl. ¶¶ 22, 26.)

of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Amended Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

**A. Defendant Jefferson**

Plaintiff alleges that Defendant Jefferson breached the terms of the Forbearance Note and is therefore liable to Plaintiff for breach of contract. In order to state a legitimate cause of action for breach of contract under Virginia law,[2] the plaintiff must show that (1) the defendant had a legally enforceable obligation, (2) the defendant materially breached that obligation, and (3) such breach caused the plaintiff damage. *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004) (citing *Brown v. Harms*, 467 S.E.2d 805, 807 (Va. 1996)). Here, Plaintiff alleges, and by failing to answer Jefferson concedes, that Jefferson entered into the Forbearance Note, and therefore, became bound by the legally enforceable obligations therein. Plaintiff further alleges that Jefferson materially breached those obligations by failing to pay the amount owed to Plaintiff under the Forbearance Note. As a result of Jefferson's breach, Plaintiff alleges that it has suffered damages in excess of $22,000,000. Because Plaintiff has pled sufficient facts to prove that Jefferson owed Plaintiff a contractual obligation, Jefferson breached that obligation, and Plaintiff suffered damages as a result of the breach, the undersigned recommends a finding that Plaintiff has stated a legitimate cause of action for breach of contract against Defendant Jefferson.

**B. Defendant RES**

Like the Forbearance Note, the Forbearance Guaranty is also governed by Virginia law. To enforce a guaranty under Virginia law, a plaintiff must establish (1) the existence and ownership of the guaranty, (2) the terms of the primary obligation and default on that obligation, and (3) nonpayment of the amount due under the guaranty. *McDonald v. Nat'l Enters., Inc.*, 547

---

[2] Both the Forbearance Note and the Forbearance Guarantee contain choice of law provisions stating that the contracts would be enforced in accordance with Virginia law. (Beattie Decl. Ex. D, at 6, Ex. E, at 2.) In this diversity action, the choice of law principles of the forum state, Virginia, govern. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Virginia law, parties to a contract may choose the applicable law. VA. CODE ANN. § 59.1-501.9(a). Therefore, the parties' choice of law provisions are valid, and Virginia law governs this cause of action.

S.E.2d 204, 207 (Va. 2001). Firstly, Plaintiff alleges, and by failing to answer Defendant RES admits, that RES entered into the Forbearance Guaranty, under which it was obligated to pay all of Jefferson's indebtedness to Plaintiff under the Forbearance Note. Secondly, as discussed above, Plaintiff has established the terms of the primary obligation, the Forbearance Note, and that Defendant Jefferson defaulted on that obligation. Thirdly, Plaintiff has established that RES has made no payments toward the amount due under the Forbearance Guaranty. Because Plaintiff has pled sufficient facts to prove the existence and ownership of the Forbearance Guaranty, that Jefferson defaulted on the Forbearance Note, and that RES failed to pay the amount due under the Forbearance Guaranty, the undersigned also recommends a finding that Plaintiff has stated a legitimate cause of action for breach of contract against Defendant RES.

## IV. REQUESTED RELIEF

In a default case, the plaintiff's factual allegations are accepted as true for all purposes except in determining damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). To support a claim for damages, a plaintiff must provide an appropriate basis for the Court to determine whether it is entitled to the relief sought. *See id.* A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Furthermore, in default cases in this district, "there can be no recovery over the amount pled in the complaint." *Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04cv1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *see also Cumberlander v. KCL Site Servs., LLC*, No. 08-994, 2009 WL 4927144, at *9 (E.D. Va. Dec. 17, 2009). However, "[t]he exact amounts for interest, costs, and attorney's fees need not be pled specifically in the Complaint." *Sheet Metal Workers' Nat'l Pension Fund*, 2005 WL 1432786, at *9.

As discussed above, Plaintiff has stated facts sufficient to show that Defendants Jefferson and RES are liable to Plaintiff for all amounts due to Plaintiff under the Forbearance Note. Defendant Jefferson owes Plaintiff an unpaid principal amount of $17,768,153.10 under the Forbearance Note. (Am. Compl. ¶ 42.) From March 5, 2010 to March 5, 2014, interest accrued on the principal at a rate of 3.25% per annum, for a total of $2,345,149.43.[3] (*See* Am. Compl. ¶ 22; Beattie Decl. Ex. D, at 1.) On March 11, 2014, when Jefferson failed to pay the principal within five days of the due date, Jefferson became liable for a late fee in the amount of 5% of the principal, $888,407.66. (Beattie Decl. Ex. D at 2; *see also* Am. Compl. ¶ 42.) After default, from March 6, 2014 until the present, interest accrued on the principal at a rate of 7.25% per annum, or $3,578.31 per day. (*See* Am. Compl. ¶ 26; Beattie Decl. Ex. D, at 1.) Therefore, the undersigned recommends that judgment be entered in favor of Plaintiff, and against Defendants, jointly and severally, in the amount of $21,001,710.20, plus interest at a rate of $3,578.31 per day, from March 6, 2014, to the date of judgment.

## V. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motions for Default Judgment be **GRANTED**. Defendants' failure to answer Plaintiff's Complaint warrants default judgment, and Plaintiff has presented valid causes of action for breach of contract as to each Defendant. The undersigned recommends that judgment be entered against Defendants, jointly and severally, in the amount of $21,001,710.20, plus interest at a rate of $3,578.31 per day, from March 6, 2014, to the date of judgment.

---

[3] Pursuant to the Forbearance Note, interest is computed based on a 360-day year, counting the actual number of days elapsed. (Beattie Decl. Ex. D, at 1.)

## VI. NOTICE

**By mailing copies of this report and recommendation, the parties are notified as follows. Objections to this report and recommendation must, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant Jefferson at Laurel Highlands, L.P. and Defendant RES Multifamily Investments, L.P. at the following addresses:

Jefferson at Laurel Highlands, L.P.
8300 Greensboro Drive, Suite 400
McLean, VA 22102

Jefferson at Laurel Highlands, L.P.
600 East Las Colinas Boulevard, Suite 1800
Irving, TX 75039

RES Multifamily Investments, L.P.
600 East Las Colinas Boulevard, Suite 1800
Irving, TX 75039

/s/
Ivan D. Davis
United States Magistrate Judge

July 11, 2016
Alexandria, Virginia